United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI D. SCOTT,<br><br>            Plaintiff,<br><br>     v.<br><br>SAXON MORTGAGE SERVICES, INC.,<br><br>            Defendant.<br>_____/ | No. C -13-03085 EDL<br><br>**ORDER GRANTING WITHOUT LEAVE TO AMEND DEFENDANT SAXON MORTGAGE SERVICES' MOTION TO DISMISS** |

Before the Court is Defendant Saxon Mortgage Services' second Motion to Dismiss (docket no. 29). Because this matter was appropriate for decision without oral argument, the Court vacated the December 17, 2013 hearing. For the reasons stated in this Order, Defendant's Motion to Dismiss is granted without leave to amend.

**Allegations from the complaint**

On December 19, 2006, Plaintiff obtained a mortgage from New Century Mortgage in the amount of $480,387. Second Am. Compl. ("SAC") ¶ 3; Def.'s Request for Judicial Notice ("Def.'s RJN") Ex. 1.[1] The loan was secured by a Deed of Trust against the real property located at 6004 Old

---

[1] In support of its motion to dismiss, Defendant filed a request for judicial notice of certain documents. Under Federal Rule of Civil Procedure 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Furthermore, a court "shall take judicial notice if requested by a party and supplied with the necessary information." See Fed. R. Civ. P. 201(d); Mullis v. United States Bank, 828 F.2d 1385, 1388 n. 9 (9th Cir. 1987). A court may also take judicial notice of matters of public record. Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir.2001). Here, Plaintiff does not challenge the authenticity of the documents contained in Request for Judicial Notice, and they are judicially noticeable under Federal Rule of Evidence 201.

Plaintiff also provided documents for judicial review in support of the second amended complaint and in support of her opposition to the motion to dismiss. Defendant objected to the documents in support of the second amended complaint and Plaintiff filed an

1  Quarry Loop in Oakland.  Id.

2  In March 2007, New Century Mortgage Company sold Plaintiff's loan to Morgan Stanley
3  Bank, which immediately sold servicing rights to Defendant Saxon Mortgage Services.  SAC ¶ 4.
4  After selling Plaintiff's loan, New Century filed for bankruptcy and took two of Plaintiff's mortgage
5  payments without properly crediting them to her loan account.  Id.  Plaintiff alleges that she
6  provided evidence of the two misapplied payments, but Defendant's representatives refused to offer
7  any alternative solutions, payment retrieval options or credit options.  Id.

8  Plaintiff alleges that Defendant used deceptive tactics, such as teaser interest rates, to steer
9  Plaintiff into a loan that she could not afford.  SEC ¶¶ 9-10.  Defendant concealed the fact that the
10 monthly payments on the loan would dramatically increase beyond Plaintiff's ability to afford them.
11 Id. ¶ 12.

12 Plaintiff began to explore ways to retain her home, including applying for a loan
13 modification or refinancing with the goal of a reduced mortgage payment.  SAC ¶ 17.  Plaintiff
14 could not obtain refinancing, and sought assistance under the Home Owners Loan Act.  Id.

15 Thereafter, because Plaintiff failed to make payments, a Notice of Default was recorded
16 against the property on October 15, 2007.  Def.'s RJN Ex. 2.  After receiving foreclosure
17 information, in 2008, Plaintiff filed bankruptcy in an effort to save her home.  SAC ¶ 18.  On or
18 about June 23, 2009, after the automatic bankruptcy stay was lifted, her home was sold at a
19 foreclosure sale to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS
20 Capital I Inc. Trust 2007-NC3.  SAC ¶ 18; Def.'s RJN Ex. 3.  Plaintiff vacated the property on
21 August 16, 2012.  SAC ¶ 18.  Plaintiff claims that she learned after August 16, 2012 that she was
22 eligible for assistance through the Home Affordable Modification Program.  SAC ¶ 30.

23 Plaintiff filed this action on July 3, 2013.  After Defendant filed a motion to dismiss, Plaintiff
24 filed a first amended complaint on August 12, 2013 containing thirteen claims.  After the Court's
25 October 10, 2013 Order granting Defendant's first motion to dismiss in part without leave to amend,
26 Plaintiff timely filed a second amended complaint.  Defendant now moves to dismiss the remaining

27

28  opposition to the objections. Review of those documents, however, is not necessary to decide this motion, so the Court declines to rule on the requests for judicial notice.

2

two claims with prejudice.

**Legal standard**

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).  The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

A court need not, however, accept as true the complaint's "legal conclusions." Iqbal, 129 S. Ct. at 1949.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950.  Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

Courts must then determine whether the factual allegations in the complaint "plausibly give rise to an entitlement of relief." Id.  Though the plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949 (internal quotation marks omitted) & 1950.  That is to say, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

**Discussion**

**1.     Plaintiff's first claim for breach of the covenant of good faith and fair dealing is dismissed without leave to amend.**

Plaintiff alleges that because the parties stood in the relationship of Consultant and Client, Defendant was required to act in good faith and to act fairly in dealing with Plaintiff. SAC ¶ 37. Plaintiff alleges that she was in a vulnerable position and dependant on Defendant's advice to protect her interests. Id.  Plaintiff alleges that Defendant harmed her by not dealing fairly with her. Id.  Plaintiff's first claim appears to be primarily based on her argument that she should have been given a loan modification agreement under the federal Home Affordability Modification Program (HAMP).

3

The covenant of good faith is an implied term arising out of a contract itself. Kim v. Regents of Univ. of Cal., 80 Cal.App.4th 160, 164 (2000). "The existence of a contractual relationship is thus a prerequisite for any action for breach of the covenant." Id. "It is universally recognized the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." Carma Developers (California), Inc. v. Marathon Development California, Inc., 2 Cal.4th 342, 373 (1992) (stating that an implied covenant of good faith and fair dealing cannot contradict the express terms of a contract). Here, Plaintiff's complaint states specifically that the parties never entered into a HAMP agreement. Absent a HAMP agreement between the parties, there can be no breach of the covenant of good faith and fair dealing based on such an agreement.

Further, Defendant is correct that there is no private right of action under HAMP. See Sholiay v. Federal National Mortgage Ass'n, 2013 WL 3773896, at *3 ("It is well established in the Ninth Circuit, however, that there is no implied or express private right of action to sue lenders or loan servicers for violation of HAMP."). As argued in the opposition, however, Plaintiff believes that Defendant owed a duty of good faith and fair dealing pursuant to the note and deed of trust because Plaintiff alleges that the note and deed of trust were assigned to Defendant (SAC ¶ 4), and so Defendant had certain obligations to Plaintiff under those agreements, which Defendant breached by allegedly misapplying mortgage payments. Opp. at 3. However, a claim based on an alleged contractual relationship regarding the misapplied payments is time-barred. A claim for breach of the covenant of good faith and fair dealing is subject to the four year statute of limitations. Cal. Code Civ. Proc. § 337(1). Plaintiff's claim appears to be based on the misapplication of two payments, which occurred in March 2007. Therefore, this claim is time-barred because this case was filed nearly six years later, and there are no allegations in the complaint relating to tolling the statute of limitations.

The Court need not reach Defendant's alternative argument that this claim is barred by the statute of frauds. Plaintiff's claim based on the breach of the covenant of good faith and fair dealing is dismissed. Plaintiff has had an opportunity to amend her complaint with respect to this claim, and her opposition does not contain facts showing that she could adequately state a claim. Therefore, the

4

Court denies leave to amend.

**2.      Plaintiff's second claim for unjust enrichment is dismissed without leave to amend.**

The elements of unjust enrichment are: (1) receipt of a benefit; and (2) the unjust retention of the benefit at the expense of another. Peterson v. Cellco P'ship, 164 Cal.App.4th 1583, 1593 (2008). This claim is dismissed because it fails to demonstrate how Defendant received an unjust benefit from Plaintiff. Further, to the extent that Plaintiff intended to plead a claim for restitution, that claim requires pleading of a receipt of a benefit and the unjust retention of a benefit at the expense of another (see Reyes v. Wells Fargo Bank, 2011 U.S. Dist. LEXIS 2235 at *53-54 (N.D. Cal. 2011)), which Plaintiff has not done.

Plaintiff's claim based on unjust enrichment is dismissed. Plaintiff has had an opportunity to amend her complaint with respect to this claim, and her opposition does not contain facts showing that she could adequately state a claim. Therefore, the Court denies leave to amend.

**Conclusion**

Defendant's Motion to Dismiss is granted without leave to amend. The clerk shall close this case.

**IT IS SO ORDERED.**

Dated: January 8, 2014

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge

UNITED STATES DISTRICT COURT<br>FOR THE<br>NORTHERN DISTRICT OF CALIFORNIA

VICKI D. SCOTT,

        Plaintiff,

  v.

SAXON MORTGAGE SERVICES, INC. et al,

        Defendant.

Case Number: CV13-03085 EDL

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 9, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vicki D. Scott
5930 MacArthur Boulevard, #B
Oakland, CA 94605

Dated: January 9, 2014

                                      Richard W. Wieking, Clerk
                                      By: Lisa R Clark, Deputy Clerk